## DIEBOLT *v.* CANAL-BOAT CHESTER HAIR.

*(District Court, S. D. New York.* ———, 1880.)

1 ESTOPPEL—POSSESSION—SALE.—An authorized but long-continued possession does not estop the owner of a boat from claiming title against a *bona fide* purchaser under an unauthorized sale.

2. SAME—INACTION.—Such estoppel cannot be based upon mere inaction, not amounting to an actual or intended abandonment of the boat.

In Admiralty.

*W. R. Beebe,* for claimant.

*J. A. Hyland,* for libellant, was stopped by the court.

CHOATE, D. J. I do not wish to hear the other side. I have no doubt whatever about the case. Diebolt was the owner of the boat, and the question is whether he has lost his title. It is claimed that he is estopped. He put the boat in possession of this man Highland under a contract which expressly reserved the title in Diebolt, and he gave Highland no authority to sell her. Dufresne got no better title than Highland got by his purchase from him.

In the first place it is claimed that Diebolt is estopped

because he let Highland have the possession of the boat, and continue in possession for a long time with the entire control of her. It is well settled that an owner of personal property cannot be deprived of his title by reason of his putting it in the possession of another.

Possession, and that apparent ownership which may be inferred from posession, is not such an *indicium* of ownership that a *bona fide* purchaser from the party in possession gets a good title as against the real owner, though the possession has been by consent of the owner. The case of *Ballard* v. *Burgett,* 40 N. Y. 314, settles this, and it is immaterial whether the possession continues one year or four years. Then it is claimed that Diebolt is estopped by having permitted Dufresne to expend money in repairs.

I have watched the evidence which would warrant the finding of an estoppel against the libellant, for the case of Dufresne is a hard one; and certainly, as to the payment of the purchase money, and the earlier repairs, they seem to have been made in good faith, and in the belief on Dufresne's part that he owned the boat, and that Highland had authority to sell to him; and when he bought her she was of very little value.

As to the later repairs, there is evidence that he had been told that Diebolt was looking after the boat. If Diebolt had known of and permitted repairs or rebuilding, knowing that the party expending the money thought he had a good title by the purchase from Highland, an estoppel might arise. But there is no proof of such a thing. All that is shown, the utmost, is that he was slow, indolent, in hunting up the boat; but he made inquiries with a view to finding her after he heard of Highland's death, and finally sent an agent to find her. Mere inaction, not amounting to an actual or intended abandonment, is not enough to base an estoppel upon.

The libellant must have a decree, with costs.